IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBOCAST, INC., :
:
       Plaintiff, :
:
v. : Case No.1:13-mc-00104-RGA
:
MICROSOFT CORPORATION, :
:
       Defendant

## MEMORANDUM OPINION

Michael G. Crotty, Esq., Ryan M. Jennings, Esq., SIANA, BELLWOAR & McANDREW, LLP, Chester Springs, PA.

    Attorneys for RatnerPrestia.

Thomas L. Halkowski, Esq., FISH & RICHARDSON P.C., Wilmington, DE.

    Attorney for Defendant Microsoft Corporation.

April 12, 2013

ANDREWS, UNITED STATES DISTRICT JUDGE:

Non-party RatnerPrestia ("Ratner"), a law firm that previously represented Damon Torres and/or Robocast, Inc. ("Robocast")[1] in its patent prosecution of the "parent application" of the patent-in-suit in *Robocast v. Microsoft*, Civ. No. 10-1055-RGA (D.Del.), asks this Court to quash a subpoena to testify at a deposition. Asserting that the subpoena is untimely, unduly burdensome, and seeks privileged information, Ratner requests that this Court quash it under Federal Rule of Civil Procedure 45.

## BACKGROUND

Robocast has brought patent infringement claims against Microsoft in this Court. (D.I.1-2 at 1). On February 6, 2013, Microsoft served Ratner with a subpoena to testify at a deposition regarding the claims. (*Id.*). On the same day, Microsoft served Ratner with a subpoena requiring the production of documents related to the deposition. (*Id.*). The deposition was to be conducted by telephone on February 15, 2013. (D.I.1-4 at 4). The documents were to be made available for inspection by Microsoft at Ratner's Wilmington office or, in the alternative, the Boston office of Microsoft's counsel. (D.I.1-5 at 4). After conferring on February 6, the parties were unable to resolve their disputes over the subpoenas. (D.I.1-2 at 2).

## DISCUSSION

"On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply, . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3). "The party seeking

---

[1] It is not immediately clear to me whom Ratner represented, but it does not appear that it makes any difference.

to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied." *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *5 (E.D.Pa. 2012). "Courts have described this as a heavy burden." *Id.*

First, Ratner contends that the subpoena fails to allow a reasonable time for compliance. (D.I.1-2 at 3). Neither Rule 45 nor the Third Circuit Court of Appeals have provided a firm rule regarding the number of days that constitute a reasonable time. Here, Ratner had from February 6, the date Microsoft served the subpoenas, to February 15, the day of the deposition, to supply the related documents and give a telephone deposition. (*Id.*). Ratner maintains that this request is unreasonable because it "requir[es] Ratner to appear for deposition in Pennsylvania and produce potentially voluminous documents in Delaware, all by February 15, 2013, nine days later." (*Id.*). However, Ratner did not need to travel to Pennsylvania to participate in a telephone deposition. (D.I.1-4 at 4). Moreover, this Court can lengthen the time frame of compliance. Thus, Ratner's bare assertion that nine days was not a reasonable amount of time does not meet its burden, and this Court will not quash the subpoena on that ground.

Second, Ratner claims that the subpoena is unduly burdensome and oppressive. (D.I.1-2 at 5-6). In support of this claim, Ratner again notes Microsoft's attempt to subpoena documents in Delaware while compelling testimony in Pennsylvania. (*Id.* at 5). Additionally, Ratner claims that Microsoft can and has obtained "most of the information it seeks" from public records of the United States Patent and Trademark Office ("PTO") and Robocast itself. (*Id.* at 6). For the reasons stated above, Ratner's concern about "appearing" in Pennsylvania is unpersuasive. Also, Ratner fails to demonstrate how the information Microsoft seeks in the subpoenas will be cumulative or intrusive. Accordingly, this Court finds that the phone deposition and the

2

production of relevant documents will not be overly burdensome within the meaning of Rule 45(c)(3)(A)(iv).

Finally, Ratner claims that Microsoft's subpoena seeks information protected by attorney-client privilege.[2] (*Id.* at 3-5). In response, Microsoft claims that it seeks only factual information that is not subject to the privilege. (D.I. 3 at 4). Because courts must be able to rule with specificity on issues of attorney-client privilege, the party seeking the privilege must establish it as to the specific questions asked and records requested. *See In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir. 1984). A blanket assertion of privilege such as Ratner's does not meet the burden of Rule 45(c)(3)(A)(iii). Of course, Ratner will be able to raise the privilege at the time of the deposition and the production of the documents.[3] At that time, this Court will be able to decide any issues of attorney-client privilege with the proper specificity. Thus, Ratner's arguments do not persuade this Court to quash Microsoft's subpoena.

An appropriate order will issue.

---

[2] There seems to be some inconsistency in arguing that most of the documents sought are available from third parties and that they are protected by the attorney-client privilege.

[3] A review of the deposition topics and the document requests certainly calls into question Microsoft's representations that only non-privileged information is sought. Microsoft also represents that it expects the document subpoena is calling for less than 100 documents, and that the deposition would last two hours. The Court is also mindful that inequitable conduct allegations are in the case, i.e., that Mr. Torres was dishonest with the PTO, and further understands Microsoft to be generally alleging (in so many words) that Mr. Torres is an unreliable witness. This is all to say that factual non-privileged information from a witness (Ratner) whose reliability is not reasonably subject to dispute could be very relevant.

3